IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2014

**JEFFREY D. MIREE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 286222      Barry A. Steelman, Judge**

_____

**No. E2013-01930-CCA-R3-PC - Filed March 6, 2014**

_____

The petitioner, Jeffrey D. Miree, appeals the summary dismissal of his 2012 petition for post-conviction relief from his 1990 conviction of first degree murder as time barred. Because the petition was filed decades beyond the applicable statute of limitations and because the petitioner failed to either allege or prove a statutory exception to the timely filing or a due process tolling of the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Jeffrey D. Miree, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Ahmed A. Safeeullah, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 28, 1990, the petitioner entered pleas of guilty to one count of especially aggravated robbery and one count of first degree murder, and the trial court imposed concurrent sentences of 25 years and life imprisonment. The petitioner did not appeal either the convictions or the sentence. On December 11, 2012, some 22 years after the judgments in his case became final, the petitioner filed a petition for post-conviction relief. In his petition, the petitioner alleged that he had been deprived of the effective assistance of counsel and that, as a result of counsel's deficient performance, his guilty pleas were not knowingly or voluntarily entered. Specifically, he claimed that his trial counsel

erroneously informed him that he was eligible for a sentence of life without the possibility of parole and that it was this misinformation that persuaded him to enter his guilty pleas.

The post-conviction court summarily dismissed the petition, deeming it time barred. The petitioner appeals, challenging the summary dismissal.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

> (2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process principles require tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In this case, the petitioner challenged his 1990 convictions via a post-conviction petition filed in 2012, decades after the judgments became final. The petitioner, citing *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), appears to contend that his case falls within the exception embodied in Code section 40-30-102(b)(1). In *Miller*, the Supreme Court held that "[m]andatory life-without-parole sentences for juveniles violate the Eighth Amendment" prohibition against cruel and unusual punishment. *Miller v. Alabama*, 132 S. Ct. 2455, 2464 (2012). *Miller* is wholly inapplicable to the petitioner's case and cannot, therefore, avail him of the right to petition for post-conviction relief more than 20 years too late. Tennessee does not now, and did not at the time of the petitioner's guilty pleas, have a provision for the mandatory imposition of a sentence of life without parole for juvenile offenders convicted of first degree murder. Thus, no statutory grounds for tolling the statute of limitations apply. Moreover, the petitioner does not claim that due process principles require the tolling of the statute of limitations in this case, and the petitioner's claims for relief, involuntary pleas and deprivation of the effective assistance of counsel, are not "later-arising" such that due process tolling would be appropriate.

Accordingly, the judgment of the post-conviction court summarily dismissing the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-